STATE OF MISSOURI, Appellee, *v.* DANIEL M. ROSS, Appellant.

*Courts—Kansas City Criminal Court.*—The act of March 23, 1863, entitled " An act authorizing the holding of a criminal court in the city of Kansas," is not a criminal law to be strictly construed, and establishes and gives jurisdiction to the " Kansas City Criminal Court."

*Appeal from Kansas City Criminal Court.*

*J. B. Hovey,* for appellant.

*Welch,* (Attorney General,) for appellee.

BATES, Judge, delivered the opinion of the court.

The only question in this case is as to the legal existence of the " Kansas City Criminal Court." The first section of " An act authorizing the holding of criminal courts in the city of Kansas," approved March 23, 1863, is as follows : " The judge of the Jackson county Probate and Common Pleas Courts, and *ex officio* judge of the Kansas City Court of Common Pleas, is hereby authorized and required to hold two terms of court annually, for the trial of criminal offences and the violation of criminal law in Jackson county, except in case of capital punishment, and he shall be possessed of the same powers and authority, and be governed by the practice regulating proceedings in courts of record in criminal cases. He shall hold said terms for criminal business, in the city of Kansas, in the county of Jackson, on the fourth Mondays of June and December of each year. Said court shall be. known as the " Kansas City Criminal Court." Other sections then provide for a clerk, marshal, and prosecuting attorney of the court; and for the payment of the expenses of the court and for other necessary matters. (Laws of 1863, p. 160.)

This is not an act defining or prohibiting crimes, or regulating the practice and proceedings in criminal cases, but only provides a court, in which persons charged with offences, which are made punishable by other laws, may be tried (and if found guilty, punished) according to the practice estab-

lished by other acts. It is not a criminal law, and is not to be construed strictly ; but the mind of the Legislature may be ascertained from the text by reasonable intendment.

The section quoted, although inartificially drawn, clearly indicates the intention of the law-making power to establish a court, to be called the " Kansas City Criminal Court," and, therefore, is as effective for that purpose as if more apt words had been used to " ordain and establish " the court.

The jurisdiction, which is by the words of the section given to the judge, was obviously intended for the court.

Judgment affirmed. The other judges concur.